## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **EZRA LEE COMPTON and** | § | |
| **GREGORY HAWKINS,** | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | **CIVIL ACTION NO. _____** |
| **vs.** | § | |
| | § | |
| **MUNILLA CONSTRUCTION** | § | |
| **MANAGEMENT, L.L.C. d/b/a MCM,** | § | |
| | § | |
| *Defendant.* | § | |
| | § | |

### NOTICE OF REMOVAL

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF TEXAS:

Pursuant to provisions of 28 U.S.C. § 1446, PLEASE TAKE NOTICE that Defendant

Munilla Construction Management, LLC d/b/a MCM ("MCM") hereby removes Case No. DC-

14-02425, filed in Dallas County District Court, H-160th District, and all claims and causes of

action therein, to the United States District Court for the Northern District of Texas, Dallas

Division.  As grounds for removal, MCM respectfully states as follows:

### I.    COMMENCEMENT AND SERVICE

1.  On March 10, 2014, plaintiffs Ezra Lee Compton and Gregory Hawkins filed suit against

defendant MCM in the 160th District Court, Dallas County, Texas, styled *Ezra Lee Compton and*

*Gregory Hawkins v. Munilla Construction Management, L.L.C. d/b/a MCM*, Cause No. DC-14-

02425 (the "Petition").  On May 9, 2014, plaintiffs filed the First-Amended Petition in this

matter ("First-Amended Petition").

2.  On May 30, 2014, plaintiffs served the First-Amended Petition on the Secretary of State

for the State of Texas as MCM's agent for service of process.  *See* Document 8 to the

concurrently-filed Index of State Court Pleadings at ¶ 3; *see also* Document 11 to the Index of

State Court Pleadings (Return of Service of Summons). Although the First-Amended Petition was received by the Texas Secretary of State on May 30, 2014, the Secretary of State did not forward the First-Amended Petition until June 4, 2014 via certified mail. *See* Declaration of Daniel F. Munilla in support of Defendant's Notice of Removal filed herewith ("Munilla Decl.") at ¶ 3 and Exhibit "A" thereto. The First-Amended Petition, along with the correspondence from the Texas Secretary of State forwarding same, was received by MCM on June 10, 2014. Munilla Decl. at ¶ 3 and Exhibit "B" thereto.

3. This Notice of Removal is timely filed within thirty days of the receipt of the First-Amended Petition by MCM. 28 U.S.C. § 1446(b); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 348 (1999) (holding that a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, "through service or otherwise," after and apart from service of the summons.) Though the removal inquiry is a matter of federal law, "service of process" is defined by state law. *See City of Clarksdale v. BellSouth Telecommunications, Inc.*, 428 F.3d 206, 210 (5th Cir. 2005). As to notice, courts generally agree that the thirty-day period for removal begins after <u>receipt by the named defendant</u> of the complaint and not simply after service on the statutory agent. *Simpson v. JIK Cayman Bay Exch. LLC,* 2014 U.S. Dist. LEXIS 30245, *6-7 (N.D. Tex. Mar. 7, 2014) (emphasis added); *see also Barrackman v. Banister*, 2007 U.S. Dist. LEXIS 4310, *1 (S.D. Tex. Jan 22, 2007); *Med. Staffing Network, Inc. v. Health Care Capital Inc.*, 2004 U.S. Dist. LEXIS 23213, *1 (N.D. Tex. Nov. 16, 2004).

## II.      GROUNDS FOR REMOVAL – DIVERSITY JURISDICTION

4. MCM is entitled to remove the state court action to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, because this action is a civil action involving an amount in controversy exceeding $75,000.00 between parties with complete diversity of citizenship.

/ / /

/ / /

**A.**     **The Amount in Controversy Exceeds the Federal Minimum Jurisdictional Requirements**

5.     Under 28 U.S.C. § 1332(a), district courts have original jurisdiction where the matter in controversy exceeds the sum of $75,000.00, exclusive of costs and interest.  Moreover, when a plaintiff pleads for trebling of damages and controversy exceeds $75,000. *See Dow Agrosciences, LLC v. Bates*, 332 F.3d 323, 326 (5th Cir. 2003); *White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003).  Here, plaintiffs contend in the First-Amended Petition that they seek monetary relief well over the $75,000.00 diversity jurisdiction minimum – indeed, they seek over one million dollars ($1,000,000.00) in damages. *See* Document 8 to the Index of State Court Pleadings at ¶ 4.

**B.**     **There is Complete Diversity Between the Properly Joined Parties**

6.     Further, there is complete diversity between the parties here.  Under the diversity statute, corporations "shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and the State or foreign state where it has its principal place of business..." 28 U.S.C. § 1332(c)(1).

7.     Plaintiffs allege in the First-Amended Petition that they are individuals who resided in the state of Texas at the time of the incidents which form the basis of their lawsuit. *See* Document 8 to the Index of State Court Pleadings at ¶ 2.

8.     MCM is a Florida limited liability company with its principal place of business located at 6201 SW 70th Street, Second Floor, in South Miami, Florida. *See* Document 8 to the Index of State Court Pleadings at ¶ 3; *see also* Munilla Decl. at ¶ 4.  South Miami, Florida is where MCM's officers direct, control, and coordinate MCM's business activities. *See* Munilla Decl. at ¶ 4; *see, e.g., Hertz Corp. v. Friend,* 559 U.S. 77, 80-81 (2010) ("the phrase 'principal place of

business' refers to the place where the corporation's high level officers direct, control and coordinate the corporation's activities.").

9.  MCM is authorized to transact and is transacting business within the State of Texas and this judicial district. *See* Munilla Decl. at ¶ 5.

10. No change in the citizenship of MCM has occurred since the commencement of the state court action. Thus, because plaintiffs and MCM are from different states, complete diversity of citizenship exists, and the first prong of 28 U.S.C. § 1332(a) is satisfied.

11. Accordingly, because the amount in controversy exceeds $75,000.00 and because plaintiffs are citizens of Texas, whereas MCM's principal place of business is in Florida, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332. Removal is therefore proper.

### III.   **VENUE**

12. Venue properly lies in the United States District Court for the Northern District of Texas because plaintiffs filed the state court action in this judicial district and division. *See* 28 U.S.C. §§ 1441, 1446.

### IV.   **NOTICE**

13. This Notice of Removal will be filed with the 160th District Court, in Dallas County, and a copy of this Notice of Removal will also be served on the Plaintiffs.

### V.   **STATE COURT PLEADINGS**

14. In accordance with Local Rule 81.1, attached is an index of all documents that clearly identifies each document and indicates the date the document was filed in state court; attached as Documents 1 through 12 to the Index of State Court Pleadings is each document filed in the state court action, except discovery material, individually tabbed and arranged in chronological order

according to the state court file date.  Also attached is a copy of the Judge's Docket sheet in the

state court action.  Also, in accordance with Local Rule 81.1, MCM has filed contemporaneously

with this Notice a civil cover sheet, a supplemental civil cover sheet, and a separately signed

Certificate of Interested Persons that complies with Local Rule 3.1(f) and Fed. R. Civ. P. 7.1.

## VI.    <u>PRAYER</u>

WHEREFORE, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, MCM files this Notice of

Removal with the United States District Court for the Northern District of Texas, and hereby

seeks to remove this action from Dallas County District Court.

Respectfully submitted,

**GORDON & REES LLP**

By: _____

**KIRSTIE M. SIMMERMAN**
Texas Bar No. 24083858
2100 Ross Avenue, Suite 2800
Dallas, Texas 75201
(214) 231-4660 Telephone
(214) 461-4053 Facsimile
ksimmerman@gordonrees.com

**ATTORNEYS FOR DEFENDANT,
MUNILLA CONSTRUCTION
MANAGEMENT, L.L.C. D/B/A MCM**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 2nd day of July, 2014, with a copy of this document via the Court's CM /ECF system per Local Rule CV-5(a)(3).  Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

_____
KIRSTIE M. SIMMERMAN

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EZRA LEE COMPTON and | § | |
| GREGORY HAWKINS, | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | CIVIL ACTION NO. _____ |
| vs. | § | |
| | § | |
| MUNILLA CONSTRUCTION | § | |
| MANAGEMENT, L.L.C. d/b/a MCM, | § | |
| | § | |
| *Defendant.* | § | |
| | § | |

**DECLARATION OF DANIEL F. MUNILLA IN SUPPORT OF DEFENDANT MUNILLA CONSTRUCTION MANAGEMENT, L.L.C. d/b/a MCM'S NOTICE OF REMOVAL**

I, Daniel F. Munilla, declare as follows:

1. I am a licensed Florida attorney and employed by Munilla Construction Management, LLC ("MCM"), a defendant in this action. I am Corporate Counsel with MCM, and my office is located in MCM's corporate headquarters at 6201 SW 70th Street, Second Floor, South Miami, Florida 33143. I have been employed MCM as Corporate Counsel since January 15, 2014, but have served as its counsel on multiple matters since January 2010.

2. In my role as Corporate Counsel, I am familiar with MCM's business practices, policies and procedures in providing building and construction services. I am also familiar with MCM's books, records and computer databases regularly kept in the course and scope of conducting its business. I have knowledge of the facts stated in this declaration, and if called as a witness, could and would competently testify to these facts.

3. In this particular instance I have access to the stamped copy of the petition received by MCM and the Service of Process transmittal. Attached to the Notice of Removal and marked as Exhibit A is a true and correct copy of the First Amended Petition received by the Texas

Secretary of State on behalf of MCM.  The First Amended Petition was not forwarded to MCM

by the Texas Secretary of State until June 4, 2014, and was not received by MCM until June 10,

2014.  A true and correct copy of the correspondence from the Texas Secretary of State, along

with the return receipt date-stamped by MCM, are attached hereto as Exhibits "A" and "B."

4.   MCM is a Florida limited liability company with its principal place of business located at

6201 SW 70th Street, Second Floor, South Miami, Florida.   South Miami, Florida is where

MCM's member-managers direct, control, and coordinate MCM's business activities.

5.   MCM is authorized to transact and is transacting business within the State of Texas and

this judicial district.

I declare under penalty of perjury pursuant to the laws of the United States of America that

the foregoing is true and correct.

Executed this ⟨2nd⟩ day of July, 2014 at South Miami, Florida.


Daniel F. Munilla
Florida Bar No. 72238

Corporate Counsel
Munilla Construction Management, LLC
dmunilla@mcm-us.com
DL: (305) 740-1007

# EXHIBIT A

# The State of Texas



Service of Process
P.O. Box 12079
Austin, Texas 78711-2079

Phone: 512-463-5560
Fax: 512-463-0873
TTY (800) 735-2989
www.sos.state.tx.us

## Secretary of State

June 4, 2014

MUNILLA CONSTRUCTION
MANAGEMENT LLC DBA MCM
6201 Southwest 70th Street FL 2
South Miami, FL 33143

> **2014-240647-1**
> Include reference number in
> all correspondence

RE:  EZRA COMPTON, ET AL VS. MUNILLA CONTRUCTION MANAGEMENT LLC
      160th Judicial District Court Of Dallas County, Texas
      Cause No: DC1402425

Dear Sir/Madam,

> Pursuant to the Laws of Texas, we forward herewith by CERTIFIED MAIL, return receipt
> requested, a copy of process received by the Secretary of State of the State of Texas on May
> 30, 2014.

CERTIFIED MAIL #71901046470100326506

Refer correspondence to:

Robert L Ranco
The Carlson Law Firm P C
11606 N. IH-35
Austin, TX 78753

Sincerely,

Helen Lupercio
Team Leader, Service of Process
CT/mo
Enclosure

# EXHIBIT B

Secretary of State
Service of Process
P.O. Box 12079
Austin, Texas 78711-2079



7190 1046 4701 0032 6506

**Return Receipt (Electronic)**

2014240647-1

MUNILLA CONSTRUCTION MANAGEMENT LLC DBA MCM
6201 Southwest 70th Street FL 2
South Miami, FL 33143

RECEIVED
JUN 1 0 2014

------------------------------------------------------------------------
CUT / FOLD HERE

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| EZRA LEE COMPTON and §<br>GREGORY HAWKINS, §<br> §<br> *Plaintiffs,* §<br> §<br>**vs.** §<br> §<br>MUNILLA CONSTRUCTION §<br>MANAGEMENT, L.L.C. d/b/a MCM, §<br> §<br> *Defendant.* §<br> § | CAUSE NO. _____ |

## INDEX OF STATE COURT PLEADINGS

| DOCUMENT | DATE | DESCRIPTION |
|---|---|---|
| 1 | 03/10/2014 | Original Petition |
| 2 | 03/10/2014 | Case Filing Cover Sheet |
| 3 | 03/10/2014 | Issue Citation |
| 4 | 03/24/2014 | Request for Service / Compton Cover Letter |
| 5 | 04/11/2014 | Request for Service / Cover Letter re Reissuance of Citation |
| 6 | 04/11/2014 | Issue Citation |
| 7 | 04/16/2014 | Return (Non-Service) |
| 8 | 05/09/2014 | Amended Petition |
| 9 | 05/12/2014 | Issue Citation serving Office of Secretary of State |
| 10 | 05/28/2014 | Return (Non-Service) |
| 11 | 06/06/2014 | Return (Service ) |
| 12 | 06/23/2014 | Plaintiff's Notice of Change of Address |

# DOCUMENT 1

FILED
DALLAS COUNTY
3/10/2014 2:46:53 PM
GARY FITZSIMMONS
DISTRICT CLERK

Pointer Tonya

CAUSE NO. DC-14-02425

| | | |
|---|---|---|
| EZRA LEE COMPTON and | § | IN THE DISTRICT COURT |
| GREGORY HAWKINS, | § | |
| PLAINTIFFS, | § | |
| | § | |
| v. | § | OF DALLAS COUNTY, TEXAS |
| | § | |
| MUNILLA CONSTRUCTION | § | |
| MANAGEMENT, LLC d/b/a MCM, | § | H-160TH  JUDICIAL DISTRICT |
| DEFENDANT. | § | |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME EZRA LEE COMPTON and GREGORY HAWKINS, hereafter referred to as "Plaintiffs," in the above entitled and numbered cause, complaining of and against MUNILLA CONSTRUCTION MANAGEMENT, LLC d/b/a MCM hereafter "Defendant" or "MCM" and for cause of action would show unto the Court the following:

### A. DISCOVERY LEVEL

1.       Pursuant to TEXAS RULE OF CIVIL PROCEDURE 190.1, Plaintiff intends to conduct discovery in this case under Level 3 as prescribed by TEXAS RULE OF CIVIL PROCEDURE 190.4.

### B. PARTIES & SERVICE OF CITATION

2.       Plaintiffs are individuals who resided in Dallas County, Texas at the time of the incidents which form the basis of this lawsuit. Plaintiffs may be contacted through their attorneys' office.

3.       Defendant, MUNILLA CONSTRUCTION MANAGEMENT, LLC, d/b/a MCM, is a foreign corporation organized and existing under the laws of the State of

Florida. This Defendant may be served through its registered agent for service, Pedro R. Munilla, 110 West Sandy Lake, Suite 102-193, Coppell, Texas 75019, by constable.

## JURISDICTION & VENUE

C.     This suit is brought in accordance with the laws of the State of Texas, for the recovery of damages which are in excess of the minimal jurisdictional limits of this Court, to which Plaintiffs are entitled to receive as compensation for the injuries described below. Specifically, Plaintiff seeks monetary relief over one million dollars ($1,000,000.00). The incidents made the basis of this lawsuit occurred in Dallas County, Texas. Accordingly, this Court has jurisdiction over this matter and Dallas County is the proper venue pursuant to §15.032 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE.

## D.  FACTUAL BACKGROUND

7.     Plaintiffs were employees of the Defendant at all times relevant to the matters made the basis of this suit.

8.     In late 2012, or the early months of 2013, the Defendant, by and through its supervisors working at its principle place of business in the Dallas area, offered a program to its employees, including the Plaintiffs, whereby the employees could purchase certain benefits from AFLAC, a supplementary health provider. The benefits would be supplied by AFLAC, by way of payroll deductions made by the Defendant from the employees' paychecks.

9.     Both Plaintiffs attended an informational meeting at the company and enrolled in the program, or so they were led to believe. This belief was confirmed in the

minds of the Plaintiffs when they saw the deductions for AFLAC printed on their paystubs.

10.    Thereafter, the Defendant took money out of each Plaintiff's paycheck over the period of several months.

11.    Several months after enrolling in the program each Plaintiff was injured. Plaintiff Compton sustained an injury to his hand, requiring amputation of a digit, and Plaintiff Hawkins sustained a knee injury, requiring surgery. Each injury sustained by the Plaintiffs were the types of injuries for which the purported AFLAC polices would have paid benefits.

12.    When each Plaintiff, independently, presented their claims to AFLAC they were informed that the Defendant had never forwarded the payroll deductions to AFLAC and that they did not, in fact, have any AFLAC policy in place at the time of their injuries, despite having made payments by way of payroll deductions, handled by the Defendant, for several months.

### E. **RESPONDEAT SUPERIOR**

12.    At all times material hereto, all of the agents, servants or employees of Defendant that were in any way connected to this suit were acting within the scope of their employment or official duties and in furtherance of the duties of their office or employment.

### F. **BREACH OF FIDUCIARY DUTY**

13.    Plaintiff alleges that the Defendant breached its fiduciary duty to the Plaintiffs. The Defendant had a fiduciary relationship with each Plaintiff. The Defendant breached its duty to each Plaintiff. The Plaintiffs suffered damages as a result of the

breach as they were denied benefits under the AFLAC policy that was never purchased, or was canceled, due to the actions of the Defendant.

### G.    CONVERSION

14.    Plaintiffs allege that the Defendant converted the Plaintiffs' property, specifically their money, that the Defendant failed to forward to AFLAC. The money that the Defendants withheld from the Plaintiffs was the rightful property of the Plaintiffs. The Defendant wrongfully exercised dominion or control over the property. As a result of the Defendant's actions, the Plaintiffs suffered financial injury.

### H.    TORTIOUS INTERFERENCE WITH EXISTING CONTRACT

15.    Plaintiffs allege that the Defendant tortuously interfered with an existing contract. Specifically, Plaintiffs believe they had a contract with AFLAC that would have supplied them with certain financial benefits, but because of the Defendant's actions, the Plaintiffs were denied those benefits. The Defendant willfully and intentionally interfered with these contracts. The interference by the Defendant proximately caused the Plaintiffs' injury. The Plaintiffs incurred actual damage or loss as a result of the Defendant's actions.

### I.    TORTIOUS INTERFERENCE WITH PROSPECTIVE RELATIONS

16.    In the event that the Plaintiffs did not have a valid contract with AFLAC at the time of the Defendant's actions, the lack of a contract resulted from the Defendant's tortuous interference with the prospective relations between the Plaintiffs and AFLAC. There was reasonable probability that the Plaintiff would have entered into a business relationship with AFLAC. The Defendant intentionally interfered with the relationship.

The Defendant's conduct was independently tortious. The interference proximately caused the Plaintiffs' injuries. The Plaintiffs suffered actual damage or loss.

## J.    COMMON LAW FRAUD

17.    Plaintiffs allege that the Defendant committed fraud by their actions in taking the Plaintiffs' money, by failing to provide them with the benefit for which they thought they were paying, i.e., the AFLAC policy. The Defendant made a material representation to the Plaintiffs. The representation was false. When the Defendant made the representation the Defendant knew it was false, and/or the representation was made recklessly. The Defendant made the representation with the intent that the Plaintiffs act on it. The Plaintiff relied on the representation. The representation caused the Plaintiff injury.

## J. <u>DAMAGES</u>

18.    Plaintiffs allege that as a direct and/or producing and or proximate result of the conduct of the Defendant, Plaintiff is entitled to recover at least the following damages:

> a. Economic Damages;
>
> b. Exemplary damages;
>
> b. All other actual damages;
>
> c. Reasonable and necessary attorney's fees;
>
> f. Costs of court;
>
> g. Pre-judgment and post-judgment interest; and
>
> h. All other relief to which Plaintiff is entitled.

## K. **REQUEST FOR DISCLOSURE**

19.     Pursuant to Rule 194, you are requested to disclose within 50 days of this

request, the information and material described in Rule 194.2 of the Texas Rules of Civil

Procedure.

### **PRAYER**

WHEREFORE, Plaintiffs respectfully request that the Defendant be duly cited to

appear and answer herein and that, upon final trial of this cause, Plaintiff recover

judgment against the Defendants for Plaintiffs damages within the jurisdictional limits of

this court; for actual and exemplary damages;  for costs of court; for pre- and post-

judgment interest as allowed by law; all reasonable and necessary attorney's fees; and for

such other further relief; both general and special, at law or in equity, to which Plaintiff

may be justly entitled.

Respectfully Submitted,

THE CARLSON LAW FIRM, P.C.
11606 N. IH-35
Austin, Texas 78753
Phone: 512-346-5688
Fax:    512-527-0398

By:

Robert L. Ranco
SBN: 24029785
Attorney for Plaintiff

# DOCUMENT 2

DC-14-02425

FILED
DALLAS COUNTY
3/10/2014 2:46:53 PM
GARY FITZSIMMONS
DISTRICT CLERK

## CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY):* _____   COURT *(FOR CLERK USE ONLY):* _____

STYLED EZRA LEE COMPTON AND GREGORY HAWKINS V MUNILLA CONSTRUCTIOMN MANAGEMENT, LLC D/B/A MCM

(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| **Name:** Robert L. Ranco  **Email:** rranco@carlsonattorneys.com | Plaintiff(s)/Petitioner(s): Ezra Lee Compton and Gregory Hawkins | ☒ Attorney for Plaintiff/Petitioner ☐ Pro Se Plaintiff/Petitioner ☐ Title IV-D Agency ☐ Other: _____ |
| **Address:** 11606 N. IH-35  **Telephone:** 512-346-5688 | | Additional Parties in Child Support Case: |
| **City/State/Zip:** Austin, TX 78753  **Fax:** 512-719-4362 | Defendant(s)/Respondent(s): Munilla Construction Management, LLC d/b/a/ d/b/a MCM | Custodial Parent: _____  Non-Custodial Parent: _____  Presumed Father: _____ |
| **Signature:** SBN: 24045938  **State Bar No:** 24029785 | [Attach additional page as necessary to list all parties] | |

**2. Indicate case type, or identify the most important issue in the case (select only 1):**

| | Civil | | | Family Law | |
|---|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** | |
| *Debt/Contract* ☐ Consumer/DTPA ☐ Debt/Contract ☐ Fraud/Misrepresentation ☐ Other Debt/Contract: | ☐ Assault/Battery ☐ Construction ☐ Defamation *Malpractice* ☐ Accounting ☐ Legal ☐ Medical ☐ Other Professional Liability: | ☐ Eminent Domain/ Condemnation ☐ Partition ☐ Quiet Title ☐ Trespass to Try Title ☐ Other Property: | ☐ Annulment ☐ Declare Marriage Void *Divorce* ☐ With Children ☐ No Children | ☐ Enforcement ☐ Modification—Custody ☐ Modification—Other | |
| *Foreclosure* ☐ Home Equity—Expedited ☐ Other Foreclosure ☐ Franchise ☐ Insurance ☐ Landlord/Tenant ☐ Non-Competition ☐ Partnership ☐ Other Contract: | ☒ Motor Vehicle Accident ☐ Premises *Product Liability* ☐ Asbestos/Silica ☐ Other Product Liability List Product: ___ ☐ Other Injury or Damage: | **Related to Criminal Matters** ☐ Expunction ☐ Judgment Nisi ☐ Non-Disclosure ☐ Seizure/Forfeiture ☐ Writ of Habeas Corpus— Pre-indictment ☐ Other: _____ | **Title IV-D** ☐ Enforcement/Modification ☐ Paternity ☐ Reciprocals (UIFSA) ☐ Support Order | | |
| | | | **Other Family Law** ☐ Enforce Foreign Judgment ☐ Habeas Corpus ☐ Name Change ☐ Protective Order ☐ Removal of Disabilities of Minority ☐ Other: _____ | **Parent-Child Relationship** ☐ Adoption/Adoption with Termination ☐ Child Protection ☐ Child Support ☐ Custody or Visitation ☐ Gestational Parenting ☐ Grandparent Access ☐ Paternity/Parentage ☐ Termination of Parental Rights ☐ Other Parent-Child: | |
| **Employment** | **Other Civil** | | | | |
| ☐ Discrimination ☐ Retaliation ☐ Termination ☐ Workers' Compensation ☐ Other Employment: | ☐ Administrative Appeal ☐ Antitrust/Unfair Competition ☐ Code Violations ☐ Foreign Judgment ☐ Intellectual Property | ☐ Lawyer Discipline ☐ Perpetuate Testimony ☐ Securities/Stock ☐ Tortious Interference ☐ Other: _____ | | | |
| **Tax** | **Probate & Mental Health** | | | | |
| ☐ Tax Appraisal ☐ Tax Delinquency ☐ Other Tax | *Probate/Wills/Intestate Administration* ☐ Dependent Administration ☐ Independent Administration ☐ Other Estate Proceedings | ☐ Guardianship—Adult ☐ Guardianship—Minor ☐ Mental Health ☐ Other: _____ | | | |

**3. Indicate procedure or remedy, if applicable (may select more than 1):**

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court ☐ Arbitration-related ☐ Attachment ☐ Bill of Review ☐ Certiorari ☐ Class Action | ☐ Declaratory Judgment ☐ Garnishment ☐ Interpleader ☐ License ☐ Mandamus ☐ Post-judgment | ☐ Prejudgment Remedy ☐ Protective Order ☐ Receiver ☐ Sequestration ☐ Temporary Restraining Order/Injunction ☐ Turnover |

**4. Indicate damages sought (do not select if it is a family law case):**

☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☐ Over $100,000 but not more than $200,000
☐ Over $200,000 but not more than $1,000,000
☒ Over $1,000,000

Rev 2/13

# DOCUMENT 3

# FORM NO. 353-3 - CITATION
## THE STATE OF TEXAS

**To:** MUNILLA CONSTRUCTION MANAGEMENT LLC D/B/A MCM
BY SERVING ITS REGISTERED AGENT PEDRO R MUNILLA
110 WEST SANDY LAKE SUITE 102-193
COPPELL TX 75019

GREETINGS:

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **160th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiffs being **EZRA LEE COMPTON AND GREGORY HAWKINS**

Filed in said Court **10th day of March, 2014** against

**MUNILLA CONSTRUCTION MANAGEMENT LLC**

For Suit, said suit being numbered **DC-14-02425**, the nature of which demand is as follows:
Suit on **OTHER (CIVIL)** etc. as shown on said petition **REQUEST FOR DISCLOSURE,**
a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: GARY FITZSIMMONS, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 27th day of March, 2014.

ATTEST: GARY FITZSIMMONS, Clerk of the District Courts of Dallas, County, Texas

By _____, Deputy
CRYSTAL MCDOWELL

---

## SHF 4

## CITATION

## DC-14-02425

**EZRA LEE COMPTON, ET AL**
**vs.**
**MUNILLA CONSTRUCTION**
**MANAGEMENT LLC**

ISSUED THIS
**27th day of March, 2014**

GARY FITZSIMMONS
Clerk District Courts,
Dallas County, Texas

By: CRYSTAL MCDOWELL, Deputy

**Attorney for Plaintiffs**
ROBERT RANCO
THE CARLSON LAW FIRM PC
3410 FARWEST BLVD STE 235
AUSTIN TX 78731
512-346-5688



**DALLAS COUNTY CONSTABLE**
FEES NOT
PAID

FEES
PAID

---

DC-14-02425
CIT - IS
ISSUE CITATION
499383

# OFFICER'S RETURN

Case No.: DC-14-02425

Court No. 160th District Court

Style: EZRA LEE COMPTON, ET AL

vs.

MUNILLA CONSTRUCTION MANAGEMENT LLC

Came to hand on the _____ day of _____, 20 _____, at _____ o'clock _____.M. Executed at _____

within the County of _____ at _____ o'clock _____.M. on the _____ day of _____

20 _____, by delivering to the within named

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by

me in serving such process was _____ miles and my fees are as follows:  To certify which witness my hand.

For serving Citation        $ _____

For mileage                 $ _____        of _____ County, _____

For Notary                  $ _____        By _____ Deputy

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said _____ before me this _____ day of _____, 20 _____,

to certify which witness my hand and seal of office.

_____

Notary Public _____ County

# DOCUMENT 4

FILED
DALLAS COUNTY
3/24/2014 2:52:14 PM
GARY FITZSIMMONS
DISTRICT CLERK

# THE CARLSON LAW FIRM, P.C.

CRAIG W. CARLSON † ‡
STEVEN N. WALDEN +
JARED STENBERG 1971 - 2010
EDNA G. ELIZONDO
VICKI L. CARLSON
ROBERT L. RANCO
MICHAEL G. ERSKINE
DREW GIBBS
KATHRYN L. KNOTTS
CASSANDRA F. CHARLES
JULIE PESCHEL
SAVANNAH N. STROUD
RENEE M. KOHL
FRANCISCO MORALES *
R. BRUCE PHILLIPS * #
SCOTT R. CRIVELLI ‖
NATHAN P. KENNEDY Ω
L. TODD KELLY ∀
STEPHEN S. DEMMITT
DOMINIC M.V. BRAUS
ROBERTO FLORES
JAMES E. STEPHENSON ‡
MSTISLAV TALAVERA
KENT KIRKPATRICK
ELIZABETH A. RHODES
TAD ALLEN
EMILY M. YOUNG
KIARA Y. MARTINEZ

AUSTIN
3410 FAR WEST BOULEVARD
SOUTH AUSTIN
2800 SOUTH INTERSTATE 35
BRYAN/COLLEGE STATION
1121 BRIARCREST DRIVE
KILLEEN
400 WEST JASPER ROAD
LAREDO
5112 McPHERSON
ROUND ROCK
1111 NORTH INTERSTATE 35
SAN ANTONIO
6100 BANDERA ROAD
SOUTH SAN ANTONIO
618 SOUTHWEST MILITARY DRIVE
TEMPLE
3008 SOUTH 31ST STREET
WACO
1105 WOODED ACRES DRIVE

* BOARD CERTIFIED
PERSONAL INJURY TRIAL LAW
BY THE TEXAS BOARD OF LEGAL
SPECIALIZATION

LICENSED IN
† TEXAS & NEBRASKA
‡ TEXAS & GEORGIA
# TEXAS & NORTH CAROLINA
+ TEXAS, OKLAHOMA & MISSOURI
‖ TEXAS & NEW YORK
Ω TEXAS & COLORADO
∀ ARKANSAS FEDERAL COURT
∀ TEXAS, OKLAHOMA, VIRGINIA
& PENNSYLVANIA
‡ TEXAS & OHIO

ALL OTHER ATTORNEYS
ARE LICENSED IN TEXAS

11606 N. IH-35
AUSTIN, TEXAS 78753
PHONE (512) 346-5688
FAX (512) 719-4362

March 24, 2014

**VIA E-FILE**
Gary Fitzsimmons
Dallas County District Clerk
600 Commerce Street, Suite 103
Dallas, Texas 75202

        **Re:**    **Compton et al. v Munilla Construction Management, LLC**
               **Cause No. DC-14-02425**
               **In the H-160th Judicial District**
               **Dallas County, Texas**

Dear Clerk,

    I'm respectfully requesting that you print a copy of the Petition for service previously paid with the initial filing on this case. Should you have any questions, please contact my Legal Assistant, Carlos Rodriguez at 512-346-5688.

                            Sincerely,

                            Robert L. Ranco

RLR/cr

# DOCUMENT 5

FILED
DALLAS COUNTY
4/11/2014 1:07:12 PM
GARY FITZSIMMONS
DISTRICT CLERK

Smith Gay

CRAIG W. CARLSON † ‡
STEVEN N. WALDEN *
JARED STENBERG 1971 - 2010
EDNA G. ELIZONDO
VICKI L. CARLSON
ROBERT L. RANCO
MICHAEL G. ERSKINE
DREW GIBBS
KATHRYN L. KNOTTS
CASSANDRA F. CHARLES
JULIE PESCHEL
SAVANNAH N. STROUD
RENEE M. KUHL
FRANCISCO MORALES *
R. BRUCE PHILLIPS * ⁱⁱ
SCOTT R. CRIVELLI ⁱⁱ
NATHAN P. KENNEDY Ω
L. TODD KELLY ¥
STEPHEN S. DUMMITT
DOMINIC M.V. BRAUS
ROBERTO FLORES
JAMES E. STEPHENSON †
MSTISLAV TALAVERA
KENT KIRKPATRICK
ELIZABETH A. RHODES
TAD ALLEN
EMILY M. YOUNG
KIARA Y. MARTINEZ

**AUSTIN**
11606 NORTH INTERSTATE 35
**SOUTH AUSTIN**
2800 SOUTH INTERSTATE 35
**BRYAN/COLLEGE STATION**
1121 BRIARCREST DRIVE
**KILLEEN**
400 WEST JASPER ROAD
**LAREDO**
5112 McPHERSON
**ROUND ROCK**
1111 NORTH INTERSTATE 35
**SAN ANTONIO**
6100 BANDERA ROAD
**SOUTH SAN ANTONIO**
618 SOUTHWEST MILITARY DRIVE
**TEMPLE**
3000 SOUTH 31ST STREET
**WACO**
1105 WOODED ACRES DRIVE

* BOARD CERTIFIED
PERSONAL INJURY TRIAL LAW
BY THE TEXAS BOARD OF LEGAL
SPECIALIZATION

LICENSED IN
‡  TEXAS & NEBRASKA
*  TEXAS & GEORGIA
ⁱⁱ  TEXAS & NORTH CAROLINA
ⁱⁱ  TEXAS, OKLAHOMA & MISSOURI
ⁱⁱ  TEXAS & NEW YORK
Ω  TEXAS & COLORADO
Σ  ARKANSAS FEDERAL COURT
¥  TEXAS, OKLAHOMA, VIRGINIA
    & PENNSYLVANIA
†  TEXAS & OHIO

ALL OTHER ATTORNEYS
ARE LICENSED IN TEXAS

**THE CARLSON LAW FIRM**, P.C.

11606 N. IH-35
AUSTIN, TEXAS 78753
PHONE (512) 346-5688
FAX (512) 719-4362

April 11, 2014

Gary Fitzimmons
Dallas County District Clerk
600 Commerce Street,
Dallas, Texas 75202

RE:   Compton et al v. Munilla Construction Management, L.L.C.
      Cause No. DC-14-02425
      In the 16th Judicial District
      Dallas County, Texas

Dear Clerk,

    Please reissue citation for Defendant Munilla Construction Management L.L.C. to be served through its registered agent Pedro R. Munilla, 110 West Sandy Lake, Suite 102-193, Coppell, Texas 75019. It will be picked up by private process server, Direct Results Legal Services.

                                Sincerely,

                                *Robert L. Ranco*

                                Robert L. Ranco

# DOCUMENT 6

# FORM NO. 353-3 - CITATION
## THE STATE OF TEXAS

**To:** MUNILLA CONSTRUCTION MANAGEMENT LLC DBA MCM
BY SERVING REGISTERED AGENT PEDRO R MUNILLA
110 WEST SANDY LAKE SUITE 102-193
COPELL TX 75019

GREETINGS:

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **160th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **EZRA LEE COMPTON ET AL**

Filed in said Court **10th day of March, 2014** against

**MUNILLA CONSTRUCTION MANAGEMENT LLC**

For Suit, said suit being numbered **DC-14-02425**, the nature of which demand is as follows:
Suit on **OTHER (CIVIL)** etc. as shown on said petition **REQUEST FOR DISCLOSURE**, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: GARY FITZSIMMONS, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 16th day of April, 2014.

ATTEST: GARY FITZSIMMONS, Clerk of the District Courts of Dallas, County, Texas

By: _____ , Deputy
         GAY SMITH

---

**ATTY**

# CITATION

## DC-14-02425

**EZRA COMPTON, et al**
vs.
**MUNILLA CONSTRUCTION MANAGEMENT LLC DBA MCM**

ISSUED THIS
**16th day of April, 2014**

GARY FITZSIMMONS
Clerk District Courts,
Dallas County, Texas

By: GAY SMITH, Deputy

**Attorney for Plaintiff**
ROBERT RANCO
3410 FARWEST BLVD
SUITE 235
AUSTIN TX 78731
512-346-5688

DALLAS COUNTY CONSTABLE
FEES NOT PAID

FEES PAID

# OFFICER'S RETURN

Case No. : DC-14-02425

Court No 160th District Court

Style: EZRA COMPTON, et al

vs.

MUNILLA CONSTRUCTION MANAGEMENT LLC DBA MCM

Came to hand on the _____ day of _____, 20_____ at _____ o'clock _____ M. Executed at _____

within the County of _____ at _____ o'clock _____ M. on the _____ day of _____,

20_____ by delivering to the within named _____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by

me in serving such process was _____ miles and my fees are as follows:   To certify which witness my hand.

For serving Citation      $ _____

For mileage               $ _____                of _____ County, _____

For Notary                $ _____                By _____ Deputy

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said _____ before me this _____ day of _____, 20 _____.

to certify which witness my hand and seal of office

_____

Notary Public _____ County, _____

# DOCUMENT 7

**OFFICER'S RETURN**

Case No. : DC-14-02425

Court No.160th District Court

Style: EZRA LEE COMPTON, ET AL

vs.

MUNILLA CONSTRUCTION MANAGEMENT LLC

Came to hand on the ___28___ day of ___may___, 20 _14_, at ___9:4___ o'clock ___a___ .M. on the ___9___ day of ___Apl___

within the County of ___Dallas___ at ___8:44___ o'clock ___a___ .M. Executed at ___110 w scurly Lake___

20 _14_, by delivering to the within named

___Bed Address___

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by

me in serving such process was _____ miles and my fees are as follows:  To certify which witness my hand.

| | |
|---|---|
| For serving Citation | $ ___75___ |
| For mileage | $ ___ |
| For Notary | $ ___ |

(Must be verified if served outside the State of Texas.)

_____ of _____

By _____

LUPE VALDEZ
Sheriff, Dallas County

Deputy

Signed and sworn to by the said _____ before me this _____ day of _____, 20 _____

to certify which witness my hand and seal of office.

Notary Public _____ County

FILED
APR 16 2014
GARY FITZSIMMONS, TEXAS
DIST. CLERK DALLAS CO.
_____ DEPUTY

# FORM NO. 353-3 – CITATION
# THE STATE OF TEXAS

To:   MUNILLA CONSTRUCTION MANAGEMENT LLC D/B/A MCM531
BY SERVING ITS REGISTERED AGENT PEDRO R MUNILLA
110 WEST SANDY LAKE SUITE 102-193
COPPELL TX 75019

GREETINGS:

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **160th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiffs being **EZRA LEE COMPTON AND GREGORY HAWKINS**

Filed in said Court **10th day of March, 2014** against

**MUNILLA CONSTRUCTION MANAGEMENT LLC**

For Suit, said suit being numbered **DC-14-02425**, the nature of which demand is as follows: Suit on **OTHER (CIVIL)** etc. as shown on said petition **REQUEST FOR DISCLOSURE**, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: GARY FITZSIMMONS, Clerk of the District Courts of Dallas, County Texas. Given under my hand and the Seal of said Court at office this 27th day of March, 2014.

ATTEST: GARY FITZSIMMONS, Clerk of the District Courts of Dallas, County, Texas

By_____, Deputy
CRYSTAL MCDOWELL

ROUTE CLERK:_____

DATE ENTRY CLERK:_____

DISPOSITION CLERK:_____

---

**SHF 4**

# CITATION

## DC-14-02425

EZRA LEE COMPTON, ET AL
vs.
MUNILLA CONSTRUCTION
MANAGEMENT LLC

ISSUED THIS
**27th day of March, 2014**
GARY FITZSIMMONS
Clerk District Courts,
Dallas County, Texas

By: CRYSTAL MCDOWELL, Deputy

**Attorney for Plaintiffs**
ROBERT RANCO
THE CARLSON LAW FIRM PC
3410 FAR WEST BLVD STE 235
AUSTIN TX 78731
512-346-5688

DALLAS COUNTY CONSTABLE
FEES NOT PAID
FEES PAID

DALLAS COUNTY SHERIFF
CIVIL-WRIT ENFORCEMENT

2014 MAR 28 AM 9: 10



This Process was delivered to you at:

_____ o'clock _____ M.

This _____ day of _____ 20 _____

Lupe Valdez, Sheriff
Dallas County, Texas

By: _____  Badge:#

**DALLAS COUNTY SHERIFF**

LUPE VALDEZ

ATTEMPTED SERVICE

| DEPUTY/CL... | DATE | | |
|---|---|---|---|
| Meekstull | 4-9-14 | 84% | Bob Allred |

# DOCUMENT 8

FILED
DALLAS COUNTY
5/9/2014 1:19:17 PM
GARY FITZSIMMONS
DISTRICT CLERK

Sacheen Anthony

1 CIT SOS

CAUSE NO: DC-14-02425

| | | |
|---|---|---|
| EZRA LEE COMPTON and | § | IN THE DISTRICT COURT |
| GREGORY HAWKINS, | § | |
| PLAINTIFFS, | § | |
| | § | |
| V. | § | OF DALLAS COUNTY, TEXAS |
| | § | |
| MUNILLA CONSTRUCTION | § | |
| MANAGEMENT, L.L.C. d/b/a MCM, | § | |
| DEFENDANT. | § | IN THE H-160TH JUDICIAL DISTRICT |

## PLAINTIFFS' FIRST AMENDED PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME EZRA LEE COMPTON and GREGORY HAWKINS, hereafter referred to as "Plaintiffs," in the above entitled and numbered cause, complaining of and against MUNILLA CONSTRUCTION MANAGEMENT, LLC d/b/a MCM hereafter "Defendant" or "MCM" and for cause of action would show unto the Court the following:

### A. DISCOVERY LEVEL

1.      Pursuant to TEXAS RULE OF CIVIL PROCEDURE 190.1, Plaintiff intends to conduct discovery in this case under Level 3 as prescribed by TEXAS RULE OF CIVIL PROCEDURE 190.4.

### B. PARTIES & SERVICE OF CITATION

2.      Plaintiffs are individuals who resided in Dallas County, Texas at the time of the incidents which form the basis of this lawsuit. Plaintiffs may be contacted through their attorneys' office.

3.      Defendant, MUNILLA CONSTRUCTION MANAGEMENT, LLC, d/b/a MCM, is a foreign corporation organized and existing under the laws of the State of Florida whose home office address is 6201 Southwest 70th Street FL 2, South Miami Florida, 33143.

This Defendant may be served through the Texas Secretary of State at 1019 Brazos Street, Room 105, Austin, Texas 78701, as its agent for service because defendant has one or more resident agents for service of process in Texas, and two unsuccessful attempts have been made on different business days to serve the registered agent.

## C. JURISDICTION & VENUE

4.     This suit is brought in accordance with the laws of the State of Texas, for the recovery of damages which are in excess of the minimal jurisdictional limits of this Court, to which Plaintiffs are entitled to receive as compensation for the injuries described below. Specifically, Plaintiff seeks monetary relief over one million dollars ($1,000,000.00). The incidents made the basis of this lawsuit occurred in Dallas County, Texas. Accordingly, this Court has jurisdiction over this matter and Dallas County is the proper venue pursuant to §15.032 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE.

## D. FACTUAL BACKGROUND

5.     Plaintiffs were employees of the Defendant at all times relevant to the matters made the basis of this suit.

6.     In late 2012, or the early months of 2013, the Defendant, by and through its supervisors working at its principle place of business in the Dallas area, offered a program to its employees, including the Plaintiffs, whereby the employees could purchase certain benefits from AFLAC, a supplementary health provider. The benefits would be supplied by AFLAC, by way of payroll deductions made by the Defendant from the employees' paychecks.

7.     Both Plaintiffs attended an informational meeting at the company and enrolled in the program, or so they were led to believe. This belief was confirmed in the minds of

the Plaintiffs when they saw the deductions for AFLAC printed on their paystubs.

8.     Thereafter, the Defendant took money out of each Plaintiff's paycheck over the period of several months.

9.     Several months after enrolling in the program each Plaintiff was injured. Plaintiff Compton sustained an injury to his hand, requiring amputation of a digit, and Plaintiff Hawkins sustained a knee injury, requiring surgery. Each injury sustained by the Plaintiffs was the types of injuries for which the purported AFLAC polices would have paid benefits.

10.     When each Plaintiff, independently, presented their claims to AFLAC they were informed that the Defendant had never forwarded the payroll deductions to AFLAC and that they did not, in fact, have any AFLAC policy in place at the time of their injuries, despite having made payments by way of payroll deductions, handled by the Defendant, for several months.

### E. RESPONDEAT SUPERIOR

12.     At all times material hereto, all of the agents, servants or employees of Defendant that were in any way connected to this suit were acting within the scope of their employment or official duties and in furtherance of the duties of their office or employment.

### F. BREACH OF FIDUCIARY DUTY

13.     Plaintiff alleges that the Defendant breached its fiduciary duty to the Plaintiffs. The Defendant had a fiduciary relationship with each Plaintiff. The Defendant breached its duty to each Plaintiff. The Plaintiffs suffered damages as a result of the breach as

they were denied benefits under the AFLAC policy that was never purchased, or was canceled, due to the actions of the Defendant.

## G. CONVERSION

14.     Plaintiffs allege that the Defendant converted the Plaintiffs' property, specifically their money, that the Defendant failed to forward to AFLAC. The money that the Defendants withheld from the Plaintiffs was the rightful property of the Plaintiffs. The Defendant wrongfully exercised dominion or control over the property. As a result of the Defendant's actions, the Plaintiffs suffered financial injury.

## H. TORTIOUS INTERFERENCE WITH EXISTING CONTRACT

15.     Plaintiffs allege that the Defendant tortiously interfered with an existing contract. Specifically, Plaintiffs believe they had a contract with AFLAC that would have supplied them with certain financial benefits, but because of the Defendant's actions, the Plaintiffs were denied those benefits. The Defendant willfully and intentionally interfered with these contracts. The interference by the Defendant proximately caused the Plaintiffs' injury. The Plaintiffs incurred actual damage or loss as a result of the Defendant's actions.

## I. TORTIOUS INTERFERENCE WITH PROSPECTIVE RELATIONS

16.     In the event that the Plaintiffs did not have a valid contract with AFLAC at the time of the Defendant's actions, the lack of a contract resulted from the Defendant's tortious interference with the prospective relations between the Plaintiffs and AFLAC. There was reasonable probability that the Plaintiff would have entered into a business relationship with AFLAC. The Defendant intentionally interfered with the relationship.

17.    The Defendant's conduct was independently tortious. The interference proximately caused the Plaintiffs' injuries. The Plaintiffs suffered actual damage or loss.

## J. COMMON LAW FRAUD

18.    Plaintiffs allege that the Defendant committed fraud by their actions in taking the Plaintiffs' money, by failing to provide them with the benefit for which they thought they were paying, i.e., the AFLAC policy. The Defendant made a material representation to the Plaintiffs. The representation was false. When the Defendant made the representation the Defendant knew it was false, and/or the representation was made recklessly. The Defendant made the representation with the intent that the Plaintiffs act on it. The Plaintiff relied on the representation. The representation caused the Plaintiff injury.

## J. DAMAGES

19.    Plaintiffs allege that as a direct and/or producing and or proximate result of the conduct of the Defendant, Plaintiff is entitled to recover at least the following damages:

a.       Economic Damages;

b.       Exemplary damages;

b.       All other actual damages;

c.       Reasonable and necessary attorney's fees;

f.       Costs of court;

g.       Pre-judgment and post-judgment interest; and

h.       All other relief to which Plaintiff is entitled.

## K. REQUEST FOR DISCLOSURE

Pursuant to Rule 194, you are requested to disclose within 50 days of this request, the information and material described in Rule 194.2 of the Texas Rules of Civil Procedure.

## <u>PRAYER</u>

WHEREFORE, Plaintiffs respectfully request that the Defendant be duly cited to appear and answer herein and that, upon final trial of this cause, Plaintiff recover judgment against the Defendants for Plaintiffs damages within the jurisdictional limits of this court; for actual and exemplary damages; for costs of court; for pre- and post-judgment interest as allowed by law; all reasonable and necessary attorney's fees; and for such other further relief; both general and special, at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**THE CARLSON LAW FIRM, P.C.**
11606 N. IH-35
Austin, Texas 78753
Telephone: (512) 346-5688
Fax: (512) 719-4362

By:
Robert L. Ranco
SBN: 24029785
Rranco@carlsonattorneys.com

# DOCUMENT 9

FORM NO. 353-4—CITATION
~~THE STATE OF TEXAS~~

CITATION

No.: DC-14-02425

EZRA COMPTON, ET AL
vs.
MUNILLA CONSTRUCTION
MANAGEMENT LLC

ISSUED
ON THIS THE 12TH DAY OF MAY, 2014

GARY FITZSIMMONS
Clerk District Courts,
Dallas County, Texas

By SACHEEN ANTHONY, Deputy

Attorney for : Plaintiff
ROBERT RANCO
3410 FARWEST BLVD
SUITE 235
AUSTIN       TX  78731
512.346.5688



To:   MUNILLA CONSTRUCTION MANAGEMENT LLC DBA MCM
      BY SERVING THE SECRETARY OF STATE
      OFFICE OF THE SECRETARY OF STATE
      CITATIONS UNIT - P.O. BOX 12079
      AUSTIN, TX, 78711

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with  the
clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you
were served this citation and **FIRST AMENDE** petition, a default judgment may be taken against you.
Your answer should be addressed to the clerk of the **160th District Court**
at 600 Commerce Street, Dallas, Texas 75202.

Said **PLAINTIFF** being **EZRA LEE COMPTON**

Filed in said Court 9th day of May, 2014 against
**MUNILLA CONSTRUCTION MANAGEMENT LLC DBA MCM**

For suit, said suit being numbered  **DC-14-02425**  the nature of which demand is as follows:
Suit On **OTHER (CIVIL)** etc.
as shown on said petition       , a copy of which accompanies this citation.  If this citation is not served, it shall be
returned unexecuted.

WITNESS: GARY FITZSIMMONS, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office **on this the 12th day of May, 2014**
ATTEST: GARY FITZSIMMONS
Clerk of the District Courts of Dallas, County, Texas

By _____, Deputy
        **SACHEEN ANTHONY**



Cause No. DC-14-02425

Court No: 160th District Court

Style: EZRA COMPTON, et al
vs.
MUNILLA CONSTRUCTION MANAGEMENT LLC

**OFFICER'S RETURN
FOR INDIVIDUALS**

Received this Citation the _____ day of _____, 20 ____, at _____ o'clock. Executed at _____, within the County of _____, State of _____, on the _____ day of _____, 20 ____, at _____ o'clock, by

delivering to the within named _____ each in person, a copy of this Citation together with the accompanying copy of Plaintiff's original
petition, having first indorsed on same the date of delivery.

--------000000--------

**OFFICER'S RETURN
FOR CORPORATIONS**

Received this Citation the _____ day of _____, 20 ____, at _____ o'clock ____ .M. Executed at _____, within the County of _____, State of _____, on the _____ day of _____, 20 ____, at _____ o'clock ____ .M. by summoning
the within named Corporation, _____, in person, of the said
_____ President - Vice President - Registered Agent - in person, of the said

a true copy of this citation together with the accompanying copy of Plaintiff's FIRST AMENDED original petition, having first indorsed on same the date of delivery.

--------000000--------

The distance actually traveled by me in serving such process was _____ miles and my fees are are as follows:   To certify which witness by my hand.

For Serving Citation    $ _____    Sheriff _____
For Mileage             $ _____    County of _____
For Notary              $ _____    State of _____
   Total Fees           $ _____    By _____

(Must be verified if served outside the State of Texas)
State of _____
County of _____
   Signed and sworn to me by the said _____ before me this
_____ day of _____, 20 ____, to certify which witness my hand and seal of office.

Seal

State & County of _____

# DOCUMENT 10

ORIGINAL

**FORM NO. 353-3 - CITATION**

**THE STATE OF TEXAS**

To:     MUNILLA CONSTRUCTION MANAGEMENT LLC DBA MCM
        BY SERVING REGISTERED AGENT PEDRO R MUNILLA
        110 WEST SANDY LAKE SUITE 102-193
        COPPELL TX 75019

GREETINGS:

You have been sued.  You may employ an attorney.  If you or your attorney do not file a written
answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the
expiration of twenty  days after you were served this citation and  petition, a default judgment may be
taken against you.  Your answer should be addressed to the clerk of the **160th District Court** at 600
Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **EZRA LEE COMPTON ET AL**

Filed in said Court **10th day of March, 2014** against

**MUNILLA CONSTRUCTION MANAGEMENT LLC**

For Suit, said suit being numbered **DC-14-02425**, the nature of which demand is as follows:
Suit on **OTHER (CIVIL)** etc. as shown on said petition **REQUEST FOR DISCLOSURE**,
a copy of which accompanies this citation.  If this citation is not served, it shall be returned
unexecuted.

WITNESS: GARY FITZSIMMONS, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 16th day of April, 2014.

ATTEST: GARY FITZSIMMONS, Clerk of the District Courts of Dallas, County, Texas

By: _Gay Smith_____ , Deputy
        GAY SMITH

_DRLS_   CTH 4-22-2014 @ 5:13 P.M.   Service Fee  #172.00

516 West Annie St.
Austin, Texas 78704
8/15

FILED
MAY 28 2014
GARY FITZSIMMONS
DIST. CLERK, DALLAS CO., TEXAS
_____ DEPUTY



---

**ATTY**

**CITATION**

**DC-14-02425**

**EZRA COMPTON, et al**
vs.

**MUNILLA CONSTRUCTION**
**MANAGEMENT LLC DBA MCM**

ISSUED THIS
**16th day of April, 2014**

GARY FITZSIMMONS
Clerk District Courts,
Dallas County, Texas

By: GAY SMITH, Deputy

**Attorney for Plaintiff**
ROBERT RANCO
3410 FARWEST BLVD
SUITE 235
AUSTIN TX 78731
512-346-5688

DALLAS COUNTY CONSTABLE
FEES    FEES NOT
PAID        PAID

ORIGINAL

CAUSE NO. DC-14-02425

RETURN (NON-SERVICE)

My name is Tod E. Pendergrass. I have personal knowledge of the statements contained herein and the facts are true and correct:

Came to hand the 22nd day of April, 2014, at 5:13 o'clock p.m.,

X   Citation
X   Plaintiff's Original Petition

**NOT EXECUTED** on Defendant, MUNILLA CONSTRUCTION MANAGEMENT LLC DBA MCM, for the following reasons:

**DATE     COMMENTS:**

4-23-2014   I attempted service by mailing a true copy of the process to Defendant's Registered Agent, PEDRO R MUNILLA, via U.S.P.S. certified mail, restricted delivery and return receipt requested, at the registered office address, 110 West Sandy Lake, Suite 102-193, Coppell, Texas 75019.

4-29-2014   I attempted service by mailing a true copy of the process to Defendant's Registered Agent, PEDRO R MUNILLA, via U.S.P.S. certified mail, (not restricted) return receipt requested, at the registered office address, 110 West Sandy Lake, Suite 102-193, Coppell, Texas 75019.

5-14-2014   The non-restricted parcel returned marked, "Refused."

5-19-2014   The restricted parcel returned marked, "Return to Sender, Unclaimed, Unable to Forward."

I am over eighteen (18) years of age and not a party to or interested in the outcome of the above numbered cause. I am authorized to serve citations and other notices in this cause by Texas Supreme Court Order #SCH1660, exp. 11/30/2014. This return is attached to original process or a copy thereof. I declare under penalty of perjury that the foregoing is true.

Signature-
Re: Carlson/8115

Tod E. Pendergrass
Printed Name of Server
DRLS, 516 W. Annie, Austin, Tx. 78704

VERIFICATION

STATE OF TEXAS, COUNTY OF TRAVIS

Before me, a notary public, on this day personally appeared the above named person, known to me, subscribed to the foregoing document and, being by me first duly sworn, declared that the statements within his/her personal knowledge and true and correct. Given under my hand and seal of office.

Notary Public Signature
State of TEXAS

# DOCUMENT 11

ORIGINAL

FILED
JUN 6 2014
GARY FITZSIMMONS, TEXAS
DISTRICT CLERK DALLAS CO. DEPUTY

Cause No. DC-14-05246

RETURN

Came to hand on the 30th day of May, 2014, at 11:45 o'clock a.m.

X   Citation
X   Plaintiffs' First Amended Petition and Request for Disclosure
X   $55.00 fee payable to the Texas Secretary of State

Executed at   1019 Brazos, Austin, Texas 78701, within the County of Travis, on the  30th day of  May, 2014, at  12:25  o'clock  p. m.,
by delivering to the within named,   MUNILLA CONSTRUCTION MANAGEMENT LLC DBA MCM  by delivering to the Texas
Secretary of State, by delivering in person to Helen Lupercio, agent authorized to accept service of process on behalf of the Texas Secretary
of State, two true and correct copies of the above specified civil process, having first endorsed thereupon the date of delivery.  I am over
eighteen (18) years of age and not a party to or interested in the outcome of the above numbered cause.  I am authorized to serve citations
and other notices in this cause by Texas Supreme Court Order #SCH1660, exp. 11/30/2014.  This return is attached to original process or a
true copy thereof.  I declare under penalty of perjury that the foregoing is true.

Tod E. Pendergrass
Printed Name of Process Server

Signature of Authorized Process Server
DRLS, 516 W. Annie, Austin, Tx. 78704
Re:  Carlson/8243

VERIFICATION
STATE OF TEXAS, COUNTY OF TRAVIS

Before me, a notary public, on this day personally appeared the above named person, known to me to be the person whose name is
subscribed to the foregoing document and, being by me first duly sworn, declared that the statements/facts therein contained are within
his/her personal knowledge to be true and correct.  Given under my hand and seal of office on the 2nd day of June, 2014.

STAR SALAZAR
NOTARY PUBLIC
State of Texas
Comm. Exp. 04-27-2015

Star Salazar
NOTARY PUBLIC in and for the State of TEXAS

ORIGINAL

CITATION

No.: DC-14-02425

EZRA COMPTON, ET AL
VS.
MUNILLA CONSTRUCTION
MANAGEMENT LLC

ISSUED
ON THIS THE 12TH DAY OF MAY, 2014

GARY FITZSIMMONS
Clerk District Courts,
Dallas County, Texas

By SACHEEN ANTHONY, Deputy

Attorney for : Plaintiff
ROBERT RANCO
3410 FARWEST BLVD
SUITE 235
AUSTIN      TX  78731
512.346.5688

(SOS)

FORM NO. 353-4—CITATION
THE STATE OF TEXAS

To:    MUNILLA CONSTRUCTION MANAGEMENT LLC DBA MCM
       BY SERVING THE SECRETARY OF STATE
       OFFICE OF THE SECRETARY OF STATE
       CITATIONS UNIT - P.O. BOX 12079
       AUSTIN, TX, 78711

FILED
JUN - 6 2014
GARY FITZSIMMONS, TEXAS
DIST. CLERK, DALLAS CO., DEPUTY

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with  the
clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you
were served this citation and FIRST AMENDE petition, a default judgment may be taken against you.
Your answer should be addressed to the clerk of the 160th District Court
at 600 Commerce Street, Dallas, Texas 75202.

Said PLAINTIFF being EZRA LEE COMPTON

Filed in said Court 9th day of May, 2014 against
MUNILLA CONSTRUCTION MANAGEMENT LLC DBA MCM

For suit, said suit being numbered   DC-14-02425   the nature of which demand is as follows:
Suit On  OTHER (CIVIL) etc.
as shown on said petition          , a copy of which accompanies this citation. If this citation is not served, it shall be
returned unexecuted.

WITNESS: GARY FITZSIMMONS, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office on this the 12th day of May, 2014.
ATTEST: GARY FITZSIMMONS
Clerk of the District Courts of Dallas, County, Texas

By _____
              SACHEEN ANTHONY

_____, Deputy

Service Fee # 130.00
CT4 5-30-2014 11:45 am

DRLS
516 West Annie St.
Austin, Texas 78704
6243

DALLAS COUNTY CONSTABLE
FEES NOT PAID
FEES PAID

# DOCUMENT 12

FILED
DALLAS COUNTY
6/23/2014 4:51:33 PM
GARY FITZSIMMONS
DISTRICT CLERK

CAUSE NO: DC-14-02425

| | | |
|---|---|---|
| **EZRA LEE COMPTON and** | § | **IN THE DISTRICT COURT** |
| **GREGORY HAWKINS,** | § | |
| **PLAINTIFFS,** | § | |
| | § | |
| **V.** | § | **OF DALLAS COUNTY, TEXAS** |
| | § | |
| **MUNILLA CONSTRUCTION** | § | |
| **MANAGEMENT, L.L.C. d/b/a MCM,** | § | |
| **DEFENDANT.** | § | **IN THE H-160TH JUDICIAL DISTRICT** |

## PLAINTIFF'S NOTICE OF CHANGE OF ADDRESS

Pursuant to TEXAS RULE OF CIVIL PROCEDURE 8, Robert L. Ranco notifies this Court and all parties to this case of his change of address and fax number effective immediately, as follows: THE CARLSON LAW FIRM, P.C., 11606 N. IH-35, Austin, Texas 78753, Facsimile (512) 719-4362.

Respectfully submitted,

**THE CARLSON LAW FIRM, P.C.**
11606 N. IH-35
Austin, Texas 78753
(512) 346-5688 Telephone
(512) 719-4362 Facsimile
rranco@carlsonattorneys.com

By: _____
Robert L. Ranco
SBN: 24029785

## CERTIFICATE OF SERVICE

In conformity with TEXAS RULES OF CIVIL PROCEDURE 21 AND 21A, I hereby certify that a true and correct copy of the above and foregoing instrument was filed with Court on this 23rd day of June, 2014.

Robert L. Ranco

Skip to Main Content Logout My Account Search Menu New Civil District Search Refine Search Back          Location : All District Civil Courts  Images Help

# REGISTER OF ACTIONS
## CASE NO. DC-14-02425

EZRA COMPTON, et al vs. MUNILLA CONSTRUCTION MANAGEMENT LLC

§
§
§
§
§

Case Type: **OTHER (CIVIL)**
Date Filed: **03/10/2014**
Location: **160th District Court**

---

### PARTY INFORMATION

|  |  | Lead Attorneys |
|---|---|---|
| DEFENDANT | MUNILLA CONSTRUCTION MANAGEMENT LLC *DOING BUSINESS AS* MCM | |
| PLAINTIFF | COMPTON, EZRA LEE | ROBERT RANCO *Retained* 512-346-5688(W) |
| PLAINTIFF | HAWKINS, GREGORY | ROBERT RANCO *Retained* 512-346-5688(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | |
|---|---|
| 03/10/2014 | **NEW CASE FILED (OCA) - CIVIL** |
| 03/10/2014 | **ORIGINAL PETITION** |
| | *Original Petition* |
| 03/10/2014 | **CASE FILING COVER SHEET** |
| | *Case Filing Cover Sheet* |
| 03/10/2014 | **ISSUE CITATION** |
| 03/24/2014 | **REQUEST FOR SERVICE** |
| | *COVER LETTER TO THE COURT TO REQUEST COPY FEE* |
| 03/27/2014 | **CITATION** |
| | *CDM/SHF 4* |
| | MUNILLA CONSTRUCTION MANAGEMENT LLC    Returned Unserved  04/16/2014 |
| | Returned                    04/16/2014 |
| 04/09/2014 | **1ST DUE DELIGENCE ATTEMPT - SHF** |
| | *BAD ADDRESS NO BUSINESS BY THAT NAME AT THAT ADDRESS* |
| 04/11/2014 | **REQUEST FOR SERVICE** |
| | *Request Reissuance of Citation* |
| 04/11/2014 | **ISSUE CITATION** |
| 04/16/2014 | **CITATION** |
| | *ATTY/ GDS* |
| | MUNILLA CONSTRUCTION MANAGEMENT LLC    Returned Unserved  05/28/2014 |
| | Returned                    05/28/2014 |
| 05/09/2014 | **AMENDED PETITION** |
| | *Plaintiffs' First Amended Petition* |
| 05/12/2014 | **ISSUE CITATION COMM OF INS OR SOS** |
| 05/12/2014 | **CITATION SOS/COI/COH/HAG** |
| | MUNILLA CONSTRUCTION MANAGEMENT LLC    Served        05/30/2014 |
| | Returned                    06/06/2014 |
| 06/23/2014 | **NOTICE OF CHANGE OF ADDRESS** |

---

### FINANCIAL INFORMATION

| | | | | |
|---|---|---|---|---|
| | **PLAINTIFF COMPTON, EZRA LEE** | | | |
| | Total Financial Assessment | | | 386.00 |
| | Total Payments and Credits | | | 386.00 |
| | **Balance Due as of 07/02/2014** | | | **0.00** |
| 03/11/2014 | Transaction Assessment | | | 360.00 |
| 03/11/2014 | CREDIT CARD - TEXFILE (DC) | Receipt # 13731-2014-DCLK | COMPTON, EZRA LEE | (360.00) |
| 03/25/2014 | Transaction Assessment | | | 12.00 |
| 03/25/2014 | CREDIT CARD - TEXFILE (DC) | Receipt # 16972-2014-DCLK | COMPTON, EZRA LEE | (12.00) |
| 04/14/2014 | Transaction Assessment | | | 14.00 |
| 04/14/2014 | CREDIT CARD - TEXFILE (DC) | Receipt # 21476-2014-DCLK | COMPTON, EZRA LEE | (14.00) |
| | | | | |
| | **PLAINTIFF HAWKINS, GREGORY** | | | |
| | Total Financial Assessment | | | 24.00 |
| | Total Payments and Credits | | | 24.00 |
| | **Balance Due as of 07/02/2014** | | | **0.00** |
| 05/09/2014 | Transaction Assessment | | | 24.00 |
| 05/09/2014 | CREDIT CARD - TEXFILE (DC) | Receipt # 26845-2014-DCLK | HAWKINS, GREGORY | (24.00) |

Skip to Main Content Logout My Account Search Menu New Civil District Search  Back          Location : All District Civil Courts   Help

Questions and Answers on Images

# CASE NO. DC-14-02425
# EZRA COMPTON, ET AL VS. MUNILLA CONSTRUCTION MANAGEMENT LLC

| Selected Event | Image | Page Count |
|---|---|---|
| 03/10/2014 ORIGINAL PETITION | Compton. PS Original Petition.pdf | 0 |

| Other Events on This Case | Image | Page Count |
|---|---|---|
| 03/10/2014 CASE FILING COVER SHEET | Compton.CCIS.pdf | 0 |
| 03/10/2014 ISSUE CITATION | ISSUE CITATION | 2 |
| 03/24/2014 REQUEST FOR SERVICE | Compton Cover Letter.pdf | 0 |
| 04/11/2014 REQUEST FOR SERVICE | 3D43784-CL to CT re Reissuance of Cita.PDF | 0 |
| 04/11/2014 ISSUE CITATION | ISSUE CITATION | 2 |
| 05/09/2014 AMENDED PETITION | SKM_C454eNA14050818190.pdf | 0 |
| 05/12/2014 ISSUE CITATION COMM OF INS OR SOS | ISSUE CITATION COMM OF INS OR SOS | 2 |
| 06/23/2014 NOTICE OF CHANGE OF ADDRESS | NOTICE OF CHANGE OF ADDRESS | 0 |

| Other Images on This Case | Image | Page Count |
|---|---|---|
| 04/16/2014 RETURN | MUNILLA CONSTRUCTION MANAGEMENT LLC - CITATION | 3 |
| 05/28/2014 RETURN | MUNILLA CONSTRUCTION MANAGEMENT LLC - CITATION | 3 |
| 06/06/2014 SERVICE | MUNILLA CONSTRUCTION MANAGEMENT LLC - CITATION SOS | 2 |