IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EZRA LEE COMPTON and GREGORY HAWKINS, | § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. 3:14-CV-02390-P |
| vs. | § § | |
| MUNILLA CONSTRUCTION MANAGEMENT, L.L.C. d/b/a MCM, | § § § | JURY DEMANDED |
| Defendant. | § § | |

## ANSWER, AFFIRMATIVE DEFENSES AND JURY DEMAND

Defendant Munilla Construction Management, LLC d/b/a MCM respectfully submits this Answer, Affirmative Defenses, and Jury Demand in response to plaintiffs' First-Amended Petition ("Petition") and states as follows:

### A. DISCOVERY LEVEL

1. Paragraph 1 of the Petition alleges a legal conclusion to which no response is required. To the extent that a response is required, defendant contends that the Texas Rules of Civil Procedure are no longer applicable to this matter.

### B. PARTIES AND SERVICE OF CITATION

2. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Petition.

3. Responding to paragraph 3 of the Petition, defendant denies that it is a corporation. Defendant admits that it is a foreign limited liability company "organized and existing under the laws of the State of Florida" and admits the remainder of the allegations in paragraph 3.

### C.     JURISDICTION AND VENUE

4. Responding to paragraph 4 of the Petition, defendant admits only that the Petition appears to seek damages arising from alleged injuries. The remaining allegations of paragraph 4 are legal conclusions to which no response is required. To the extent that a response is required, defendant denies that the Dallas County District Court has jurisdiction over the claims, as there is complete diversity between plaintiffs and defendant.

### D.     FACTUAL BACKGROUND

5. As to paragraph 5 of the Petition, defendant admits that plaintiffs were employed by defendant for a period of time; however, defendant lacks knowledge or information sufficient to form a belief as to whether plaintiffs were employees at all times relevant to the lawsuit, and on that basis denies same.

6. Responding to paragraph 6 of the Petition, defendant admits only that it offers its employees a variety of benefits, including health insurance policies and retirement plans, through a process called "Open Enrollment." Defendant denies that its principal place of business is in Dallas, Texas. As to the remaining allegations in paragraph 6, defendant lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis denies same.

7. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Petition, and on that basis denies same.

8. As to paragraph 8 of the Petition, admitted.

9. Responding to paragraph 9 of the Petition, defendant admits only that at some point in time, each of the plaintiffs sustained injuries. As to the remaining claims, defendant

lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis denies same

10. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Petition, and on that basis denies same.

### E. RESPONDEAT SUPERIOR

11. Defendant notes that paragraph 11 is omitted from the Petition.

12. Paragraph 12 alleges legal conclusions to which no response is required.  To the extent that a response is required, defendant lacks knowledge or information sufficient to form a belief as to the truth of the vague allegations contained in paragraph 12 of the Petition and on that basis denies same.

### F. BREACH OF FIDUCIARY DUTY

13. Paragraph 13 alleges legal conclusions to which no response is required.  To the extent that a response is necessary, defendant denies the allegations contained in paragraph 13 of the Petition.

### G. CONVERSION

14. Paragraph 14 alleges legal conclusions to which no response is required.  To the extent that a response is necessary, defendant denies that plaintiffs have suffered financial injury. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 14 of the Petition and on that basis denies same.

### H. TORTIOUS INTERFERENCE WITH EXISTING CONTRACT

15. Paragraph 15 alleges legal conclusions to which no response is required.  To the extent that a response is necessary, defendant denies that plaintiffs have incurred actual damage

20082707v1

or loss. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 15 of the Petition and on that basis denies same.

## I.     TORTIOUS INTERFERENCE WITH PROSPECTIVE BUSINESS RELATIONS

16.    Paragraph 16 alleges legal conclusions to which no response is required. To the extent that a response is necessary, defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Petition and on that basis denies same.

17.    Paragraph 17 alleges legal conclusions to which no response is required. To the extent that a response is necessary, defendant denies the allegations contained in paragraph 17 of the Petition.

## J.     COMMON LAW FRAUD

18.    Paragraph 18 alleges legal conclusions to which no response is required. To the extent that a response is necessary, defendant denies the allegations contained in paragraph 18 of the Petition.

**AS TO THE DAMAGES IN SECTION J (SIC) AND THE PRAYER FOR RELIEF**

Defendant denies that plaintiffs are entitled to any of the relief requested in the Petition.

**AS TO ALL ALLEGATIONS OF THE PETITION NOT SPECIFICALLY ADMITTED**
All allegations of the Petition not specifically admitted are hereby denied.

WHEREFORE, Munilla Construction Management, LLC d/b/a/ MCM denies that plaintiffs are entitled to any of the relief requested in the Petition and pray judgment in their favor and for such other relief as the Court deems proper and/or as permitted by law.

**AFFIRMATIVE DEFENSES**

Pursuant to Rule 8(c) of the Federal Rules of Civil Procedure ("FRCP"), defendant sets forth the following matters constituting an avoidance or affirmative defense:

## FIRST AFFIRMATIVE DEFENSE

The Petition, and each and every purported cause of action contained therein, fails to state facts sufficient to constitute a cause of action against defendant upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

The alleged claims in the Petition, and each of them, are uncertain, ambiguous, and/or unintelligible.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims, and each of them, are barred by the applicable statute of limitations.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs have unreasonably delayed in bringing this action to the prejudice of the defendant and are therefore barred from bringing this action by the doctrine of laches.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of waiver.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because plaintiffs ratified all conduct surrounding the occurrences alleged in the Petition.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred due to privilege, absolute or qualified, including, but not limited to, the litigation privilege and/or the common interest privilege.

/ / /

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs failed to name all necessary and indispensable parties to this action.

## TENTH AFFIRMATIVE DEFENSE

No act or omission of the defendant was a substantial factor in bringing about the damages alleged, nor was any act or omission of the defendants a contributing cause thereof. Any alleged acts or omissions of the defendant were superseded by the acts or omissions of others, including plaintiffs or other third parties named or not named as in the Petition, which were the independent, intervening and proximate cause of the damage or loss allegedly sustained by plaintiffs.

## ELEVENTH AFFIRMATIVE DEFENSE

The Petition and each cause of action contained therein are barred because plaintiffs had a duty to take reasonable steps to mitigate and/or avoid their alleged damages. Defendant, on information and belief, alleges that plaintiffs failed to take any steps or delayed unreasonably in doing so. Had plaintiffs timely and diligently taken reasonable steps to mitigate and/or avoid their alleged damages, such alleged damages, if any, would have been reduced or avoided altogether.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for knowing or willful interference are barred because any alleged actions by defendant were taken in good faith; alleged violations, if any, were unintentional and resulted despite the existence of procedures reasonably adopted to avoid the alleged violations.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendant has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available in this action.

Defendant therefore reserves the right to assert additional affirmative defenses in the event discovery indicates that they may be appropriate.

## PRAYER FOR RELIEF

WHEREFORE, defendant prays for judgment against plaintiffs as follows:

1. That plaintiffs take nothing by virtue of their Petition;

2. That plaintiffs' Petition be dismissed with prejudice;

3. For costs and disbursements incurred herein, including attorneys' fees; and

4. For such other relief as the Court may deem appropriate or as may be permitted by law.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, defendant Munilla Construction Management, LLC d/b/a MCM hereby demands a jury trial on all issues triable to a jury.

Respectfully submitted,

**GORDON & REES LLP**

By:   /s/Kirstie M. Simmerman
**KIRSTIE M. SIMMERMAN**
Texas Bar No. 24083858
2100 Ross Avenue, Suite 2800
Dallas, Texas 75201
(214) 231-4660 Telephone
(214) 461-4053 Facsimile
ksimmerman@gordonrees.com

**ATTORNEYS FOR DEFENDANT,
MUNILLA CONSTRUCTION
MANAGEMENT, L.L.C. D/B/A MCM**

20082707v1

## CERTIFICATE OF SERVICE

      I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served July 9, 2014, with a copy of this document via the Court's CM /ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

                                               */s/Kirstie M. Simmerman*
                                              KIRSTIE M. SIMMERMAN

20082707v1